*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SEAN MICHAEL SULLIVAN,

        Defendant-Appellant

UNPUBLISHED
January 15, 2025
10:13 AM

No. 369457
Saginaw Circuit Court
LC No. 19-045887-FH

Before: N. P. HOOD, P.J., and REDFORD and MALDONADO, JJ.

PER CURIAM.

Defendant appeals as of right his convictions following a jury trial of intentional discharge of a firearm from a motor vehicle, MCL 750.234a(1)(a); felon in possession of a firearm (felon-in-possession), MCL 750.224f;[1] and two counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 6 to 30 years' imprisonment for intentional discharge of a firearm from a motor vehicle, 4 to 30 years' imprisonment for felon-in-possession, and 2 years' imprisonment for each felony-firearm. The felony-firearm convictions were to be served preceding and consecutive to the associated offenses but concurrent with each other. We affirm.

## I. BACKGROUND

This case arises out of a shooting near a Walmart in Saginaw Township. Three witnesses were in a vehicle going to this Walmart. While behind defendant's SUV, they saw the SUV begin to swerve and drive over the curb of the road. They then heard gunfire from the SUV. At least one witness saw the flash of gunfire out of the window of the SUV and the hand of the person firing the gun. The witnesses stopped their car, and one called 911 as the SUV continued into the

---

[1] MCL 750.224f was recently amended by 2023 PA 201, effective February 13, 2024, to add a subsection addressing the possession of a weapon by a person convicted of a misdemeanor involving domestic violence. The amendment did not substantively affect the offense for which defendant was convicted.

Walmart parking lot. The witnesses were able to identify the SUV to the police, who followed and pulled over the SUV. Defendant was the driver, and there were no other occupants. When police searched the SUV, they found no firearms, so they released defendant. Later, an officer walked along the road taken by the SUV and found a .380 Taurus in the grass. The same officer found four shell casings in the area where the shooting was reported. A DNA test found defendant's DNA on the gun, and a firearms examiner determined that the casings had come from the gun.

Defendant was charged with intentionally discharging a firearm from a motor vehicle, felon-in-possession, and two counts of felony-firearm. A jury found defendant guilty of all charges. At sentencing, defendant challenged the assessment of 10 points for Offense Variable (OV) 9, MCL 777.39 (number of victims), arguing that no one was put in danger by defendant's conduct. However, the trial court found that firing a gun from a vehicle was "inherently dangerous" and that those behind the vehicle would be in danger of physical injury or death. The trial court sentenced defendant as previously described. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that his right to due process of law was violated because the prosecution failed to present sufficient evidence to support his conviction of intentional discharge of a firearm from a motor vehicle. Concluding that there was sufficient evidence to convict defendant of intentional discharge of a firearm from a motor vehicle, we disagree.

"Due process requires the prosecutor to introduce evidence sufficient for a trier of fact to find the defendant guilty beyond a reasonable doubt." *People v Jarrell*, 344 Mich App 464, 480; 1 NW3d 359 (2022), citing *Jackson v Virginia*, 443 US 307, 317-318; 99 S Ct 2781; 61 L Ed 2d 560 (1979). This Court reviews de novo claims of insufficient evidence. *People v Savage*, 327 Mich App 604, 613; 935 NW2d 69 (2019). When a defendant challenges the sufficiency of the evidence, this Court must view all the evidence in the light most favorable to the prosecution to determine whether any rational fact-finder could have found the elements of the offense beyond a reasonable doubt. *Jarrell*, 344 Mich App at 480. Circumstantial evidence and reasonable inferences from the evidence are sufficient to prove the elements of a crime; this Court must "draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018).

MCL 750.234a(1)(a) provides that "[a]n individual who intentionally discharges a firearm from a motor vehicle" is guilty of a felony if "the violation endangers the safety of another individual." Accordingly, the elements of the offense are that the defendant intentionally discharged a firearm from a motor vehicle in a way that endangered someone else. See M Crim JI 11.37. The pertinent meaning of "endanger" is "to bring into danger or peril." *Merriam-Webster's Collegiate Dictionary* (11th ed). At issue in this case is whether the prosecution presented sufficient evidence to prove that defendant's actions endangered the safety of another person.

The witnesses testified that they were in a car directly behind defendant when he started shooting. They were close enough to defendant's vehicle that at least one of them could see the muzzle flash from the gunfire. Two witnesses testified that, before defendant started shooting, the

-2-

SUV drove over the curb. A reasonable juror could infer from this that defendant was driving erratically. While the prosecution never established the exact direction of the shots, the plain language of the statute does not require the prosecution to prove a line of fire. See MCL 750.234a(1)(a). Furthermore, the shooting occurred in a populated commercial area, and two of the witnesses testified that there were many cars in the Walmart parking lot. A reasonable juror could infer that there were other people in the area who would be at risk of injury or death from being in close proximity to the firearm as it was discharged.

Accordingly, it was reasonable for a jury to conclude that defendant firing a gun from an erratically moving vehicle in a populated area and with other vehicles around him endangered others. Therefore, viewing the evidence in the light most favorable to the prosecution, the evidence was sufficient to establish that defendant's conduct endangered the safety of another individual. See *Jarrell*, 344 Mich App at 480.

### III. OV 9

Defendant also argues that he is entitled to resentencing because the trial court erroneously assessed 10 points for OV 9. Defendant argues that he is entitled to relief because there was no evidence of the direction in which defendant shot the firearm, and therefore, no evidence that the three victims were in "close proximity" to danger. Because we conclude that defendant's conduct placed the three victims in "close proximity" to danger, we disagree.

This Court reviews a trial court's findings in support of a particular sentencing guidelines decision for clear error. *People v McFarlane*, 325 Mich App 507, 531; 926 NW2d 339 (2018). "Clear error exists when we are left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019). The factual findings of the lower court "must be supported by a preponderance of the evidence." *People v Horton*, 345 Mich App 612, 616; 8 NW3d 622 (2023). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Abbott*, 330 Mich App at 654 (quotation marks and citation omitted).

Ten points must be assessed for OV 9 if "[t]here were 2 to 9 victims who were placed in danger of physical injury or death." MCL 777.39(1)(c). For purposes of scoring OV 9, a "victim" is someone who is "placed in danger of injury or death during the commission of the sentencing offense . . . ." *People v Baskerville*, 333 Mich App 276, 294; 963 NW2d 620 (2020). A victim does not have to suffer actual harm; the term can include a person who is in "close proximity to a physically threatening situation . . . ." *Id.* (quotation marks and citation omitted). The specifics of an offense may determine the meaning of "close proximity." Because bullets can travel long distances, a gun would extend the range of "close proximity" to danger in comparison to other physically threatening situations, such as those perpetrated with a knife. *Id.* at 294-295. "Points assessed under OV 9 must be based solely on the defendant's conduct during the sentencing offense." *People v Rodriguez*, 327 Mich App 573, 581-582; 935 NW2d 51 (2019).

In *Baskerville*, this Court held that an infant was not a victim for purposes of OV 9 when record evidence supported that the infant was not in close proximity to a defendant who shot someone. *Id.* at 295. Although this Court acknowledged that a gun may extend the range of "close

proximity," the record evidence established that the shooting occurred in the front living room of a house and the infant was in his bedroom located toward the back of the house. *Id*. The defendant emerged from the back of the house, so the infant would have been behind the defendant's firearm during the shooting and not in the "potential line of fire." *Id*.

In this case, the trial court assessed 10 points for OV 9 for defendant's convictions of intentionally discharging a firearm from a motor vehicle and felon-in-possession, finding that the three witnesses were endangered by defendant's conduct. Unlike in *Baskerville*, there was no evidence presented in this case to suggest that the three witnesses were not in any potential line of fire. Rather, the record evidence supported that the victims were behind defendant's vehicle when he erratically drove up onto the curb and fired the gun out the window. Although the witnesses were behind defendant's vehicle, there was no indication that they were behind defendant's firearm. The witnesses were so close behind defendant's vehicle that one witness could see the flash of the gunfire. The witnesses ducked down out of fear of being struck by the bullets. As the trial court reasoned, discharging a firearm from a moving vehicle is inherently dangerous, and people behind a vehicle from which a firearm is discharged are "in an area of being placed in danger of injury or loss of life." The trial court reasonably inferred from the victim's testimony and the circumstances of the shooting that the three witnesses were in "close proximity" to a physically threatening situation. Accordingly, the trial court did not clearly err when it determined that there were three victims of defendant's conduct, and its assessment of 10 points for OV 9 was correct. Defendant is not entitled to resentencing.

Affirmed.

/s/ Noah P. Hood
/s/ James Robert Redford
/s/ Allie Greenleaf Maldonado

-4-